Labatjve, J.
Bernard Capella, of Now Orleans, states in his petition that G. R. Carradine, sheriff of the parish of St. Tammany, has demanded of petitioner the sum of four hundred dollars, as State and parish taxes, due by petitioner for peddling and hawking goods, wares and groceries, on 1st February, 1865, from the schooners Mary Magdeline and Désirée, to wit: §100 for each schooner for the State, and §100 for each schooner for the parish of St. Tammany, and said Carradine has seized both of said schooners, Mary Magdeline and Désirée, their tackle, apparel and furniture, to pay said sum of §400.
And he alleges, in substance, that the said Carradine is not duly appointed sheriff, and has no authority to collect said taxes; that said pretended taxes have never been listed, nor has any legal assessments thereof been previously made ; that petitioner is not legally subject to pay any license or tax, State or parish; that if petitioner is taxable at all, it is in the parish of Orleans, where he has domicile; that he has never sold any other produce in the parish of St. Tammany, but such as was the grow'th of the United States ; that the laws, under which said Carradine is proceeding, of April 4th, 1865, is prospective and not retroactive.
He prayed, and. obtained an injunction.
The defendant, Carradine, answered by a general denial; that he has acted in the premises in the discharge of his duties as collector of the *306 State and parish taxes or license for the year ending 31st December, 1865, in pursuance of law.and ordinances of the police jury of the parish of St. Tammany, in reference to revenue and manner of collecting the same ; that plaintiff during the year 1865, in the State of Louisiana and parish of St. Tammany, has been carrying on the occupation of a peddler and hawlcer, in carrying goods, wares and merchandise, and groceries for sale, in the schooner Mary Magdeline and Désérée, without obtaining licenses and paying the tax thereon.
He prays that the injunction be dissolved, with damages, its attorney’s fees, general relief and costs.
The Court below, after having heard the evidence, dissolved the injunction with damages and costs, according to the verdict of the jury to whom the case was submitted.
The plaintiff appealed from that judgment.
On the trial of the case below before the jury, plaintiff’s counsel asked the Court to charge the jury: that the only authority for the sheriff to make the seizure, was an assessment roll made in conformity to law, on ■which plaintiff should have been assessed or listed for the tax or license, for the profession of hawker and peddler; that a party could only bo assessed legally on the profession he exercised, in the parish of his domicile, and where he resides ; that by law the sheriff could not make a seizure for any license tax or dues until thirty days after the notice given by the sheriff of said tax being due ; all which charges the Court refused to make, but charged that the provisions of law referred to by plaintiff did not refer to licenses due on professions, but to tax on lands and other property, and that a person might be compelled by seizure to pay license in any parish where he was exercising a profession, whether domiciliated or not, unless he could show payment of a license in his domicile. The plaintiff excepted to the ruling of the Court. We believe the Court decided correctly.
An annual tax is levied and collected:
Erom each peddler or hawker who |>eddles or carries goods, wares, merchandise or groceries for sale, through this State, in a boat or other water craft, one hundred dollars. ' Acts of 1855, p. 504, | 7.
The following admission was made on trial below:
“Plaintiff admits that Carradine is sheriff of the parish of St. Tammany, La., and ex officio collector of State and parish taxes and licenses ■for said parish for the year 1865, and as such duly qualified ; that tho parish tax for said year is the same as that of the State. ”
The law contemplates that any one intending to follow a trade, profession and occupation, shall obtain a license, issued under the signature of the auditor. Same act, p. 513, § 51.
The main question in this case, is whether or not the plaintiff, Bernard Capella, was a peddler or hawker, and liable for the parish and State taxes claimed from him by the sheriff of the parish of St. Tammany.
The only testimony that tends to show that Capella was a peddler or hawker in the parish of St. Tammany, is as follows !
“Mr. Gallatus sworn: Knows Capella was domiciliated in New Orleans ; had coffee-houses; Capella brought provisioas a short time before *307 the surrender of the Confederates ; brought passes from Federal authorities ; shown papers A. B. C., about those dates ; the provisions brought by Capella, the prices were generally regulated by the provost marshal; was present in February; saw Capella selling goods, both by retail and wholesale ; saw him sell to Judge Martin, butter ; saw him sell crockery ; Capella owned three schooners; saw him selling three or four times. Capt. Jones and Capt. Capella were in partnership, as he learned from both ; goods sold were hardware, provisions, coffee, tea, sugar, hams. ”
The law imposing a tax of one hundred dollars on each peddler or hawker, and under which the sheriff proceeded to seize the schooners on the 19th July, 1865, was approved on the 15th March, 1865 ; the law then in force and repealed by this act, imposed on each peddler or hawker a tax of only sixty-seven dollars. Revised Statutes, p. 487, % 7.
The testimony does not show that the plaintiff was a peddler or hawker in the parish of St. Tammany, the witness saw him sell goods in February, but in what year and where, nothing shows ; it might as well have been in New Orleans, or anywhere else, as in the parish of St. Tammany ; nor does the testimony indicate that the goods then sold, had any connection with and came from either of the schooners, so as to show that the plaintiff was a peddler or hawker, carrying goods, wares, merchandise or groceries for sale through this State, in a boat or other water craft. But suppose that the goods were actually sold in St. Tammany, in February, 1865, and on board of the schooners, the ■ law enacted in March 15th, 1865, and under which the sheriff has seized the schooners to pay $400 licenses, did not apply to the case.
Upon the whole, we are of opinion that the sheriff has failed to show that the plaintiff, Capella, was liable to pay the amount claimed of him for licenses.
It is therefore ordered, adjudged and decreed, that tlie judgment appealed from be annulled and reversed, and it is further adjudged and decreed, that the injunction be perpetuated, and that tlie defendant and appellee pay costs in both courts. .